ANDREW BROADUS *v.* JAMES TUGGLE ET AL.

Pleadings—Defective Petition Cured by Necessary Facts Stated in Answer Cause of Action.

> Where a petition is not good for failure to set forth with certainty the particular execution a sheriff had in his hands, of a replevy of property thereunder, failure to take sufficient surety in the bond, etc., it is cured by an answer that specifically describes all the details in connection therewith, and the petition and answer together, will be sufficient to constitute a cause of action.

Pleading—Judgment Creditor—Actions—Officers Negligence.

> The effort of a judgment creditor to make his debt by causing another execution to issue, after the sheriff failed to execute the former one, will be no defense for the officer to an action against him for his official delinquencies.

APPEAL FROM KNOX CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE PETERS:

If the petition of itself should not be regarded as good, for failing to set forth with certainty what particular execution appellee had in his hands as sheriff of Knox county that was replevied and he failed to take sufficient surety in the replevin bond, or what executions he failed to return, the answer furnishes the remedy, and cures every defect by specifically describing them, and the two together stated all the facts necessary to constitute a cause of action.

In reply to the ingenious argument made by appellee's counsel that there is no allegation in the petition that the defendants had no property in the county liable to the execution, by reference to the answer it will be found to supply the omission *beautifully* as follows:

Defendant says, "That during the time he had said 'execution' (referring to the last one which issued on the replevin bond and was placed in his hands) he notified John G. Eve, the attorney for the plaintiff, that he had the same, and told him that if he levied it on the property of the defendants in the execution he could get no bidders, and wanted said attorney to go and bid for the same, and he refused and said he did not want the property, and in

consequence thereof he did not make the levy and return the same."

And in another paragraph of the answer it is said the defendant had sufficient property to make the debt when the execution was in the hands of King, the successor of Tuggle, as sheriff of Knox county.

The efforts of appellant to make his debt out of the defendants in the execution by causing others to issue after appellee failed to make it, found no defense to the action against appellee for his official delinquencies while he had the execution in his hands. And the instruction asked for by him should have been over-ruled.

Wherefore, the judgment is *reversed,* and the cause remanded, with instructions to award a new trial and for further proceedings consistent with this opinion, either party, or both, should be permitted to amend their pleadings, if they ask to do so within proper time.

*Burnam, for appellant.*

*James, for appellee.*